Ned A. Fine, State Bar #47786
FINE, BOGGS & PERKINS LLP
2450 South Cabrillo Highway, Suite 100
Half Moon Bay, CA 94019
Telephone: (650) 712-8908
Facsimile: (650) 712-1712

Attorney for Defendant
CAPITOL EXPRESSWAY FORD, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORON, an individual, | Case No. C 06 07781 CRB |
| Plaintiff, | STIPULATION OF PARTIES |
| v. | RE: CMC SCHEDULED FOR JULY 27, 2007, 8:30 A.M. |
| CAPITOL EXPRESSWAY FORD, INC., DOES 1-10, | |
| Defendants. | |

## STIPULATION

Plaintiff Jose Moron ("Plaintiff") and Defendant Capitol Expressway Ford, Inc. ("Defendant"), through their respective counsel hereby agree to this Stipulation for the reasons set forth below.

On March 16, 2007, as a result of Defendants Motion to Compel Arbitration, this court ordered this matter to binding Arbitration pursuant to the parties prior written arbitration agreement. This court's order specifically left open _only_ the issue of "Should the parties fail to agree upon an arbitrator either party may petition the Court to appoint an arbitrator pursuant to the California Arbitration Act.

Stipulation re: CMC— Case No. C 06 07781 CRB

1    The parties have already agreed upon an arbitrator to hear and decide this matter, namely the Honorable Joseph Grodin, former Associate Justice of the California Supreme Court and a very knowledgeable expert on employment law.

2    The parties are currently working together to exchange documents and both parties believe that the matter can also be settled short of even holding an arbitration hearing.

3    In view of the above and the well established legal principle under California and federal arbitration law, that unless ordered otherwise, this court loses jurisdiction to administer the case, the court proceedings must be stayed, except to enforce or set aside any arbitration award. Titan/Value Equities Group v. Superior Court (1994) 28 Cal.App.4th 482. Moreover, Section 3 of the Federal Arbitration Act directs that when claims are subject to arbitration, the District Court should stay the proceedings before it pending the arbitration. 9 U.S.C. §3.

4    In view of the above, the parties have agreed that the CMC set for July 27 is unnecessary and should be stayed, or as a minimum continued indefinitely should the court, despite lacking further jurisdiction, wish to check on the progress by the parties. The parties have nevertheless also agreed to advise the court as to the results of the arbitration process.

IT IS SO STIPULATED:

Dated: July 26, 2007

_____
Ned A. Fine
FINE, BOGGS & PERKINS LLP
Attorney for Defendant

Dated: 7/26/2007

_____
James Dal Bon    per James Dal Bon
DAL BON & WANG
Attorney for Plaintiff

IT IS SO ORDERED:

Dated: July 26, 2007

_____
Honorable
JUDGE OF

IT IS SO ORDERED
Judge Charles R. Breyer

Stipulation re: CMC— Case No. C 06 07781 CRB                                                                 Page 2